IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SPENCER W. LEMIEUX                                                                    PLAINTIFF

v.                                    Civil No. 09-2132

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Spencer Lemieux, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The plaintiff filed his application for SSI on February 13, 2007, alleging an onset date of December 7, 2005, due to ischemic heart disease, depression, sleep disorder/apnea, anemia, shoulder disorder, and anxiety disorder. Tr. 84-86, 100, 115-116, 142.

A hearing was held on November 6, 2008. Tr. 6-36. Plaintiff was present and represented by counsel. At this time, plaintiff was 41 years of age and possessed a general education equivalency degree. Tr. 29-30, 84, 105, 141. He had past relevant work ("PRW") experience as a construction worker and general laborer.

On October 9, 2008, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's coronary artery disease, chronic ischemic heart disease, and anxiety/depression

did not meet or equal any Appendix 1 listing. Tr. 44-45. She found that plaintiff maintained the residual functional capacity ("RFC") to perform unskilled, sedentary work involving occasional overhead reaching with his right arm. Tr. 45-50. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a small product machine operator, small product assembler, and food order clerk. Tr. 51.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 23, 2009. Tr. 1-3. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 12.

## II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.     **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

Of particular concern to the undersigned is the RFC assigned by the ALJ. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, there are three RFC assessments. On May 24, 2007, Plaintiff underwent a general physical exam with Dr. C. R. Magness. Tr. 177-183. Plaintiff indicated he became unable to work in the summer of 2005. In November 2005, he had a myocardial infarction and subsequently underwent coronary artery bypass surgery. Plaintiff reported a history of coronary artery bypass and grafting, chronic obstructive pulmonary disease, anxiety, CAD, high blood pressure, precordial pain, and hypothyroidism. Dr. Magness's physical exam revealed a somewhat decreased range of motion in Plaintiff's right hand and left wrist, obesity

(252 pounds), elevated blood pressure (130/86), a 90% normal grip strength, anxiety, and twitching. No neurological deficits were noted. Dr. Magness diagnosed him with CAD status post heart attack and bypass, angina, COPD, post-cardiotomy syndrome, gastroesophageal reflux disease ("GERD"), high blood pressure, hypothyroidism, hyperlipidemia, oppositional defiant disorder, and anxiety disorder. He concluded Plaintiff was moderately to severely limited in his ability to walk, lift, and carry, and moderately limited by anxiety in his ability to hear and speak. Plaintiff indicated that his medications included Norvasc, Prozac, Lovastatin, and Metoprolol. Tr. 177-183.

On June 11, 2007, Dr. David Hicks completed a physical RFC assessment. Tr. 188-195. After reviewing Plaintiff's medical records, he concluded Plaintiff could occasionally lift 50 pounds; frequently lift 25 pounds; and, sit, stand, and walk for about six hours during and eight-hour workday. Tr. 188-195. No further limitations were noted. 188-195. This assessment was affirmed by Dr. Bill Payne on August 11, 2007. Tr. 281-283.

On October 17, 2008, Dr. Ross completed a Medical Source Statement of Ability to do Work-Related Activities. Tr. 513-515. He diagnosed Plaintiff with congestive heart failure, anemia, CAD, sleep apnea, suspected right rotator cuff tear, and agitated depression. Tr. 513-515. Dr. Ross opined Plaintiff could sit continuously for one hour for a total of two hours per day, stand continuously for 30 minutes for a total of one hour per day, and walk continuously for 15 minutes for a total of one hour per day. Further, he concluded Plaintiff could only occasionally lift or carry one to five pounds; never push or pull bilaterally, squat, crawl, climb, reach above his head, stoop, crouch, or kneel, tolerate temperature changes, dust, fumes, gases, or noise, or work near moving machinery or drive automotive equipment; and, could only

occasionally bend. Dr. Ross also indicated Plaintiff would require unscheduled breaks during an eight-hour work ship and would miss more than four days of work per month. Tr. 513-515.

In spite of this evidence, the ALJ concluded Plaintiff maintained the residual functional capacity ("RFC") to perform unskilled, sedentary work involving occasional overhead reaching with his right arm. Tr. 45-50. The record indicates Plaintiff had a history of CAD status-post bypass surgery, congestive heart failure, chest pain, dyspnea, kidney stones, shoulder problems, and lower back pain. He was consistently administered and prescribed narcotic pain medication to treat his pain and symptoms. And, further testing did reveal some peripheral ischemia (restricted blood flow) with stress. While the undersigned can not say that Plaintiff's limitations are necessarily as severe as determined by Drs. Magness and Ross, they were the only two doctors to examine Plaintiff and render an opinion concerning his RFC. Based on the evidence, we believe the ALJ improperly dismissed their assessments. Therefore, the case will be remanded for further consideration of Plaintiff's physical limitations. The ALJ is strongly advised to seek clarification from Dr. Ross concerning the basis for his RFC assessment.

The ALJ notes Plaintiff's history of non-compliance with medical treatment. He does not, however, note that Dr. Magness also diagnosed Plaintiff with oppositional defiant disorder. Oppositional defiant disorder is a disorder characterized by a recurrent pattern of negativistic, defiant, disobedient, and hostile behavior toward authority figures. *See* Oppositional Defiant Disorder, *at* http://psychcentral.com/disorders/sx73.htm (November 12, 2010). A hallmark of this disorder is the failure to follow rules or requests made by authority figures. As the ALJ ordered no mental evaluation of Plaintiff to flesh out Plaintiff's limitations in this regard, we

believe this matter should be remanded for further development of the record. On remand, the ALJ is directed to order a mental evaluation of Plaintiff.

IV.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of November 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE